UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL BLACK CHAMBER OF COMMERCE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 10-1755 (RMU) |
| | : | |
| v. | : | Re Document Nos.: 23, 27 |
| | : | |
| RONALD BUSBY *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### Denying Defendant Busby's Motion to Dismiss the Amended Complaint; Granting the Plaintiff's Second Motion for Leave to Amend

### I. INTRODUCTION

This matter is before the court on defendant Ronald Busby's motion to dismiss the amended complaint and the plaintiff's second motion for leave to amend its complaint. The plaintiff, the National Black Chamber of Commerce, has brought suit against U.S. Black Chamber, Inc. ("USBCI"), and Busby, alleging various violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and District of Columbia common law. Defendant Busby has moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In addition, the plaintiff has moved for leave to file a second amended complaint under Rule 15(a). Because the amended complaint puts forth a plausible claim for relief, the court denies the defendant's motion to dismiss. Furthermore, because the plaintiff's proposed amendment is neither futile nor a likely cause of undue delay, the court grants the plaintiff's second motion for leave to amend its complaint.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff is a nonprofit D.C. corporation which aims to promote "Black businesses on local, state, regional and national levels." Am. Compl. ¶ 9. In pursuit of this objective, it owns and uses the trademark "NATIONAL BLACK CHAMBER OF COMMERCE®." *Id.* ¶ 13. Defendant USBCI, also a nonprofit D.C. corporation, seeks to provide visionary leadership and advocacy in developing and growing Black-led businesses and enterprises. Answer to Am. Compl. ¶ 1; Am. Compl. ¶ 21. Defendant Busby is USBCI's president and CEO. Am. Compl. ¶ 25.

The plaintiff alleges that the defendants have infringed the plaintiff's trademark both by using the name "U.S. Black Chamber of Commerce" when referring to USBCI and by allowing others to use the name "National Black Chamber of Commerce" when referring to USBCI. *Id.* ¶¶ 26-27. The plaintiff claims that the defendants' use of these names is likely to cause confusion between the plaintiff and defendant USBCI, especially given that the two organizations use their respective marks in connection with the same services, in the same trade channels and among the same audiences. *Id.* ¶¶ 33-34. For example, the plaintiff alleges that defendant Busby infringed the plaintiff's trademark by allowing a business partner to refer to him as the president of the "National Black Chamber of Commerce" in the business partner's advertisements. *Id.* ¶ 26.

The plaintiff also contends that USBCI held an event celebrating the functions of its organization, and that USBCI invited the plaintiff's members and affiliates to attend. *Id.* ¶ 30. The amended complaint states that the invitees were confused by the similar names of the two organizations, and that many were under the incorrect impression that the plaintiff had sponsored the event. *Id.* The plaintiff alleges that the defendants' actions have thus deprived the plaintiff

of the ability to use its valuable intellectual property, and that the plaintiff has lost brand identity, corporate identity and control over its goodwill and reputation. *Id.* ¶ 38.

On October 18, 2010, the plaintiff filed a complaint in this court requesting legal and equitable relief. *See generally* Compl. Defendant Busby subsequently filed a motion to dismiss under Rule 12(b)(6). *See generally* Def. Busby's Mot. to Dismiss the Compl. The plaintiff then filed an amended complaint on January 14, 2011, obviating its first complaint and defendant Busby's motion to dismiss. *See generally* Am. Compl.

The amended complaint sets forth four separate counts: Count I states that the defendants engaged in trademark infringement under 15 U.S.C. § 1114(1); Count II alleges false designation of origin and unfair competition under 15 U.S.C. § 1125(a); Count III alleges trademark dilution under 15 U.S.C. § 1125(c)(1); and Count IV alleges unfair competition under District of Columbia common law. Am. Compl. ¶¶ 40-89. The plaintiff asks the court to permanently enjoin the defendants from using, infringing or diluting the plaintiff's trademark and from engaging in unfair competition. *Id.* at 20.

Defendant Busby responded by filing a motion to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See generally* Def. Busby's Mot. to Dismiss the Am. Compl. ("Def. Busby's Mot."). On March 3, 2011, the plaintiff filed a motion seeking leave to file a second amended complaint under Rule 15(a), *see generally* Pl.'s 2d Mot. to Amend, which defendant Busby opposes, *see generally* Def. Busby's Opp'n to Pl.'s 2d Mot. to Amend. The court now turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. The Court Denies Defendant Busby's Motion to Dismiss the Amended Complaint

#### 1. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), nor is it necessary to "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46, which instructed courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of [the plaintiff's] claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### 2. The Plaintiff Has Stated a Plausible Claim for Relief

Defendant Busby contends that the plaintiff has not sufficiently articulated the specific factual and legal allegations necessary to sustain its claims for relief against him. *See generally* Def. Busby's Mot. First, defendant Busby contends that Counts I, III and IV of the amended complaint must be dismissed against him because the plaintiff does not allege any "specific acts on the part of Mr. Busby that constitute affirmative direction, sanction, participation, or cooperation" in the allegedly unlawful activities.[1] *Id.* at 3-7. Second, defendant Busby maintains that Count II of the complaint is legally insufficient because the plaintiff failed to invoke certain legal terms pertinent to its prima facie case. *Id.* at 8-9. Specifically, defendant

---

[1] In addition, defendant Busby argues for the first time in his reply that the factual allegations in the complaint are not supported by convincing evidence. Def. Busby's Reply at 2. The court does not address arguments that are raised for the first time in a party's reply. *See Aleutian Pribilof Islands Ass'n, Inc. v. Kempthorne*, 537 F. Supp. 2d 1, 12 n.5 (D.D.C. 2008) (noting that "it is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief" (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992))).

Busby argues that Count II of the complaint does not use the phrase "in commerce" when describing its claim of designation of origin and unfair competition under 15 U.S.C. § 1125(a)(1). *Id.*

In response, the plaintiff maintains that an individual officer may be held liable for trademark infringement to the extent that the officer personally committed the infringing conduct. Pl.'s Opp'n to Def. Busby's Mot. at 2. The plaintiff argues that its complaint details several specific facts that, if proven true, would show that defendant Busby, as an officer and individual, played an active role in the offending conduct. *Id.* at 5-6. The plaintiff further contends that a well-pleaded complaint need not recite all legal elements and facts supporting its claims, and that Count II's omission of the phrase "in commerce" is therefore immaterial. *Id.* at 2-3.

Turning to defendant Busby's first argument, the court notes that natural persons, including corporate officers, may be liable for trademark infringement under the Lanham Act. *See Chanel, Inc. v. Italian Activewear of Fl., Inc.*, 931 F.2d 1472, 1477-78 (11th Cir. 1991). As the Fifth Circuit has stated,

> [t]here can be no doubt but that a trademark . . . can be infringed by an individual. It is infringed when an individual performs the act or does the things that the patent or trademark law protects against. The fact that the persons thus acting are acting for a corporation also, of course, may make the corporation liable under the doctrine of respondeat superior. It does not relieve the individuals of their responsibility.

*Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968). Thus, if defendant Busby actively and knowingly caused the infringement alleged in the amended complaint, he may be held personally liable. *See Chanel*, 931 F.2d at 1477-78 (citing *Mead Johnson*, 402 F.2d at 23).

The amended complaint states that defendant Busby is the CEO and president of an organization that infringed the plaintiff's trademark. *See* Am. Compl. ¶¶ 25, 30. The amended complaint also describes specific factual instances in which defendant Busby allegedly engaged in infringing conduct. *See id.* ¶¶ 26-27, 30. For example, the plaintiff alleges that defendant Busby engaged in a transaction with a business that later incorrectly advertised its partnership with the "National Black Chamber of Commerce." *Id.* ¶ 26. The plaintiff asserts that defendant Busby's decision to allow the business to display the misleading article on its website constituted infringing conduct. *Id.* Similarly, the plaintiff alleges that in August 2010, a radio station released an e-mail advertising its then-upcoming interview with defendant Busby and that the e-mail used both the "National Black Chamber of Commerce" mark and the plaintiff's corporate logo. *Id.* ¶ 27. When viewed in the light most favorable to the plaintiff, these factual allegations support plausible claims for relief under Counts I, III and IV of the amended complaint.

Defendant Busby's second argument – that the plaintiff's failure to invoke the phrase "in commerce" in support of its claim renders Count II of the complaint deficient – is meritless. A plaintiff need not plead each and every element of his prima facie case in the complaint. *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28 (D.D.C. 2010) (holding that the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) did not perturb the longstanding rule that a complaint need not state every element of the plaintiff's prima facie case). Count II of the amended complaint, therefore, sufficiently alleges a violation of 15 U.S.C. § 1125(a)(1), notwithstanding the fact that the plaintiff failed to include the words "in commerce" when describing its claim against the defendants.

The amended complaint therefore states plausible claims for relief against defendant Busby. Accordingly, the court denies his motion to dismiss for failure to state a claim.

### B. The Court Grants the Plaintiff's Second Motion for Leave to Amend the Complaint

#### 1. Legal Standard for a Motion to Amend a Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it, or, if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or within twenty-one days after the defendant files a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1).

Once the time to amend a pleading as a matter of course elapses, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

#### 2. The Court Grants the Plaintiff's Second Motion for Leave to Amend

The plaintiff seeks leave to file a second amended complaint, which would supplement the first amended complaint with additional factual allegations detailing defendant Busby's allegedly unlawful conduct. Pl.'s 2d Mot. to Amend at 2-3. More specifically, the proposed second amended complaint asserts that defendant Busby conducted an interview in which he

repeatedly referred to himself as the head of the "United States Black Chamber of Commerce." 2d Am. Compl. ¶ 32. The plaintiff argues that the proposed amendment is timely and that no undue prejudice would befall the defendants at this early stage in the litigation, as the parties have not yet begun discovery, nor has a scheduling order been issued. Pl.'s 2d Mot. to Amend at 2.

Defendant Busby argues that the court should not grant leave to amend because the plaintiff has repeatedly failed to cure deficiencies that existed in prior versions of its complaint. Def. Busby's Opp'n to Pl.'s 2d Mot. to Amend at 2-3. Defendant Busby points out that the plaintiff has already filed two versions of its complaint and therefore concludes that the plaintiff should not be afforded a "third bite at the apple." *Id.* at 2. Moreover, defendant Busby argues that any proposed amendment would be futile, as the new facts alleged therein do not show that defendant Busby is individually liable. *Id.* at 4.

Although approximately five months have elapsed since the plaintiff filed its first amended complaint, it is nonetheless unlikely that any undue prejudice will arise from amendment at this early stage in the litigation. *See, e.g.*, *Clay v. District of Columbia*, 2010 U.S. Dist. LEXIS 103569, at *8-9 (D.D.C. Sept. 30, 2010) (allowing amendment despite a five-month delay). Discovery has not yet begun, a factor which militates in favor of granting leave to amend. *See id.* at *7-8; *see also Caribbean Broad. Sys.*, 148 F.3d at 1084 (holding that absent prejudice or an event such as the running of the statute of limitations, leave should not be denied solely on the grounds of delay). Furthermore, a plaintiff's previous failure to cure some defect in its complaint in an earlier amendment does not justify a ban on future amendments. *Caribbean Broad. Sys.*, 148 F.3d at 1084. Finally, the plaintiff's second amended complaint cannot be considered futile because the amended complaint currently contains sufficient factual allegations

to state a plausible claim for relief.  *See supra* Part III.A.  It is thus too early to conclude, despite the defendant's contrary declaration, that the complaint has been "doomed from the start."  Def. Busby's Opp'n to Pl.'s 2d Mot. to Amend at 6.  The court therefore grants the plaintiff's motion for leave to file a second amended complaint.

### IV. CONCLUSION

For the foregoing reasons, the court denies defendant Busby's motion to dismiss and grants the plaintiff's second motion for leave to amend its complaint.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of June, 2011.

RICARDO M. URBINA  
United States District Judge